1   Richard J. Reynolds (SBN 89911)
    E-mail: rreynolds@bwslaw.com
2   Fabio R. Cabezas (SBN 131998)
    E-mail: fcabezas@bwslaw.com
3   Joseph P. Buchman (SBN 148983)
    E-mail: jbuchman@bwslaw.com
4   BURKE, WILLIAMS & SORENSEN, LLP
    1851 East First Street, Suite 1550
5   Santa Ana, CA 92705-4067
    Tel: 949.863.3363     Fax: 949.863.3350
6
7   Attorneys for Defendant
    TRINITY FINANCIAL SERVICES, LLC

8
9                    UNITED STATES DISTRICT COURT

10                SOUTHERN DISTRICT OF CALIFORNIA

11   MARIA V. HARO, as individual,          Case No.  3:15-cv-01185-MMA-BGS

12              Plaintiff,                   **DEFENDANT TRINITY
                                             FINANCIAL SERVICES, LLC's
13        v.                                 MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT OF
14   TRINITY FINANCIAL SERVICES,             MOTION TO DISMISS
     LLC; WELLS FARGO N.A.;                  COMPLAINT FOR FAILURE TO
15   AMERICAN SERVICING AND                  STATE A CLAIM INCLUDING
     RECOVERY GROUP; LARA M.                 THE FIRST THROUGH  FOURTH
16   ROBISON; DREAMBUILDER                   AND FIFTH THROUGH EIGHTH
     INVESTMENTS LLC;                        CLAIMS**
17   WILMINGTON TRUST COMPANY,
     NOT IN ITS INDIVIDUAL                   **[Fed. R. Civ. P. Rule 12 (b)(6); Fed.R.
18   CAPACITY BUT SOLELY as trustee          Evid. Rule 201]**
     under Greenwich Investors XXXIV
19   pass-through trust agreement dated as
     of October 25, 2010; WILLIAM            DATE:        July 20, 2015
20   BUCHANAN; as individual; DON A.         TIME:        2:30 p.m.
     MADDEN III; MTC FINANCIAL              CRTM:        3A
21   INC. DBA SPECIAL DEFAULT                JUDGE:       Hon. Michael M. Anello
     SERVICES, INC.; ALL UNKNOWN
22   PERSONS CLAIMING ANY LEGAL
     OR EQUITABLE RIGHT, TITLE,
23   ESTATE, LIEN OR INTEREST IN
     THE PROPERTY DESCRIBED IN
24   THE COMPLAINT ADVERSE TO
     PLAINTIFF'S TITLE, OR ANY
25   CLOUD ON PLAINTIFF'S TITLE
     THERETO; and DOES 1 through 10,
26   Inclusive,

27              Defendants.

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................1

II.   BACKGROUND ....................................................................................3

III.  STANDARDS APPLICABLE TO MOTIONS TO DISMISS ......................5

    A.   Pleading Requirements In General .............................................5

    B.   Pleading Requirements for Fraud.................................................6

    C.   Construction of Exhibits Referred to in the FAC or Attached to a Rule 12(b)(6) Motion ..........................................................7

IV.   PLAINTIFFS HAVE FAILED TO MAKE A VALID OFFER OF TENDER; THEREFORE, THEY CANNOT CHALLENGE ANY WRONGFUL FORECLOSURE CLAIM OR ANY CLAIM IMPLICITLY INTEGRATED TO THE SALE ...........................................7

V.    PLAINTIFF'S FIRST AND THIRD CLAIMS FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") FAIL AGAINST TRINITY.........................................................8

VI.   PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF THE HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994 ("HOEPA") FAILS AGAINST TRINITY ....................................................11

VII.  PLAINTIFF'S FIFTH CLAIM FOR DECLARATORY RELIEF AND EIGHTH CLAIM FOR DECLARATORY RELIEF FAIL AGAINST TRINITY.............................................................................................12

    A.   Alleging Defective or False Assignments Does Not Bar The Non-Judicial Foreclosure Process Absent Prejudice...........................13

VIII. PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS ("IICR") FAILS AGAINST TRINITY..............................................................15

IX.   PLAINTIFF'S SEVENTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS AGAINST TRINITY......................................17

X.    CONCLUSION....................................................................................18

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Federal Cases**

Adesokan v. U.S. Bank, N.A.,
  2012 WL 395969 (E.D. Cal.)...................................................................18

Albrecht v. Lund,
  845 F.2d 193 (9th Cir. 1988) ...............................................................18

Allen v. City of Beverly Hills,
  911 F.2d 367 (9th Cir. 1990) ...............................................................18

Ashcroft v. Iqbal,
  556 U.S. 662 (2008)..................................................................................5

Bell Atlantic v. Twombly,
  550 U.S. 544 (2007)..................................................................................5

Cisneros v. Instant Capital Funding Group,
  263 F.R.D. 595 (E.D. Cal. 2009) .........................................................17

Clegg v. Cult Awareness Network,
  18 F.3d 752 (9th Cir. 1994) ...................................................................5

Emrich v. Touche Ross & Co.,
  846 F.2d 1190 (9th Cir. 1988) ...............................................................7

Fecht v. Price Co.,
  70 F.3d 1078 (9th Cir. 1995) .................................................................6

Gomez v. Wells Fargo Home Mortg.,
  2011 WL 5834949 (N.D. Cal.) ............................................................12

Jacobson v. Balboa Arms Drive Trust #5402,
  2011 WL 2784126 (S.D. Cal.) .............................................................17

Kham v. Executive Trustee Services, LLC,
  2012 WL 967864 (E.D. Cal.)..................................................................6

Masson v. Selene Finance LLP,
  2013 WL 271256 (N.D. Cal.) .................................................................9

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1

- ii -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

Mayer v. Mylod,
    988 F.2d 635 (6th Cir. 1993) .................................................................. 5

Ngoc Nguyen v. Wells Fargo Bank, N.A.,
    749 F.Supp.2d 1022 (N.D. Cal. 2010) ................................................ 12

Parks School of Business, Inc. v. Symington,
    51 F.3d 1480 (9th Cir. 1995) .................................................................. 7

Rieger v. Wells Fargo Bank, National Association,
    2013 WL 3835815 (N.D. Cal.) .............................................................. 16

Rodriguez v. JP Morgan Chase & Co.,
    809 F.Supp.2d 1291 (S.D. Cal. 2011) .................................................. 17

Rose v. J.P. Morgan Chase, N.A.,
    2012 WL 892282 (E.D. Cal.) ................................................................ 12

Sanders v. Kennedy,
    794 F.2d 478 (9th Cir. 1986) .................................................................. 5

Schreiber Dist. Co. v. Serv-Well Furniture Co.,
    806 F.2d 1393 (9th Cir. 1986) .................................................................. 6

Shwarz v. United States,
    234 F.3d 428 (9th Cir. 2000) .................................................................. 7

Swartz v. KPMG LLP,
    476 F.3d 756 (9th Cir. 2007) .................................................................. 6

Tyson v. TD Services Company,
    2013 WL 5443028 (N.D. Cal.) .............................................................. 10

Valenzuela v. Wells Fargo Bank National Association,
    2014 WL 309438 (E.D. Cal.) ................................................................ 16

**State Cases**

Cal. Ins. Guar. Ass'n v. Superior Court,
    231 Cal.App.3d 1617 (1991) ................................................................ 12

Fontenot v. Wells Fargo Bank, N.A.,
    198 Cal.App.4th 256 (2011) ................................................................ 14

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1

- iii -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

Garretson v. Post,
    156 Cal.App.4th 1508 (2007) ..................................................................17

Hagberg v. California Federal Bank FSB,
    32 Cal.4th 350 (2004) ..........................................................................16

Herrera v. Federal Nat. Mortg. Assn.,
    205 Cal.App.4th 1495 (2012) ..............................................................14

Kachlon v. Markowitz,
    168 Cal.App.4th 316 (2008) ................................................................17

Silberg v. Anderson,
    50 Cal.3d 205 (1990) ............................................................................17

Siliga v. Mortgage Electronic Registration Systems, Inc.,
    219 Cal.App.4th 75 (2013) ..................................................................13

**Federal Statutes**

15 U.S.C. § 1692 ....................................................................................10

15 U.S.C. § 1692a(6) ..............................................................................10

15 U.S.C. § 1692g ...............................................................................9, 10

15 U.S.C. § 1692g(a) ..............................................................................10

15 U.S.C. § 1692g(b) ..............................................................................10

FDCPA ................................................................................. 1, 8, 9, 10

**State Statutes**

Civ. Code
    § 47 ...............................................................................................16, 17
    §§ 2920-2944.5 ......................................................................................16
    § 2923.4 ................................................................................................16
    § 2923.5 ..................................................................................................4
    § 2923.6 ................................................................................................16
    § 2923.55 ..........................................................................................2, 16
    § 2924(d) ..............................................................................................16
    § 2924.15(a) .......................................................................................2, 4

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

# Other Authorities

Fed. R. Civ. P. Rule 8(a) ............................................................................6

Fed. R. Civ. P. Rule 9 ................................................................................7

Fed. R. Civ. P. Rule 9(b) ...........................................................................6

Fed. R. Civ. P. Rule 12(b)(6) ..................................................................5, 7

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                  - v -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.     **INTRODUCTION**

3

4

5

6

7

8

9

10

11

This case is an instance of a foreclosure process with respect to a *second or junior deed of trust* securing a credit line.  Plaintiff MARIA V. HARO ("Haro" or "Plaintiff") does not dispute the loan.  She does not appear to dispute being in default for failure to make payments.  She also does not dispute her failure to tender the amount in default on the loan, reinstate the loan, or cure the default.  Indeed, she does not plead factually that she has the funds to immediately tender, reinstate, or cure her loan.  *That is fatal.*  Instead to try and avoid foreclosure, Plaintiff proposes fatally flawed "technical arguments," as discussed below to stop foreclosure.  The Court is requested to dismiss this case.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The claims in the Complaint can be disposed of quickly as to Defendant Trinity Financial Services, LLC ("Trinity").  Generally, the complaint's allegations against Trinity are conclusory.[1]  Firstly, the two Federal Debt Collection Practices Act ("FDCPA") claims (the first and third claims) do not state claims against Trinity.  The FDCPA is inapplicable to acts related to the conduct of a non-judicial foreclosure, and the above claims are pleaded so vaguely and opaquely no FDCPA claim is made against Trinity.  The HOEPA claim (second claim) does not plead any wrongdoing by Trinity.  The pleading addresses wrongdoing by the originator of the loan, and Trinity was not the originator of same.  The statute of limitations also bars a HOEPA claim.  Finally, the fifth claim for declaratory relief, sixth claim for intentional interference with contractual relations, seventh claim for cancellation of instruments, and eighth claim for declaratory relief/injunctive relief related to the charge of recording false documents fail to state sufficient facts to state any claim.  The subject Assignments of Deed of Trust were recorded in proper and

26

27

28

[1]  Almost all charging allegations in the complaint are directed at "defendants" without alleging facts as to the purported conduct of each defendant.  Thus, the complaint fails in a general sense since it is not pleaded properly.  The exception to this the fourth cause of action against Montana notary Lara M. Robison only.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                    - 1 -                    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1   chronological order reflecting the ultimate assignment of the deed of trust at issue

2   to Trinity.  Further, none of them were false or forged as pleaded improperly and in

3   conclusory fashion (i.e. merely alleging that Wells Fargo Vice President Danielle

4   Savaria ("Savaria") had no authority to execute an assignment of deed of trust is

5   conclusory and insufficient).[2]  Even if those Assignments were forged or had false

6   statements, Plaintiff does not plead factually prejudice therefrom (i.e.) showing

7   competing lenders have demanded loan payments from her so she does not know to

8   whom to make payments.  Finally, Plaintiff charges a violation of Cal. Civ. Code

9   2923.55 et seq. and "other" California statutes, but bare pleading of statutory

10  violations is unacceptable.  Further, Cal. Civ. Code § 2923.55 is part of California's

11  Homeowner's Bill of Rights ("CHBOR") and CHBOR is inapplicable to a second

12  lien or second/junior DOT like Trinity's deed of trust at issue in this suit.  See, Cal.

13  Civ. Code §2924.15(a) ["(a) Unless otherwise provided, … Sections … 2923.55,…

14  shall apply only to first lien mortgages or deeds of trust that are secured by owner-

15  occupied residential real property containing no more than four dwelling units."].

16  The DOT in question is a second DOT or second lien.  (Request for Judicial Notice

17  ("RJN"), Exs. B, C, and C)

18        At the time of the filing of the complaint and the removal of this case, the

19  foreclosure process has included the recording of a Notice of Trustee's Sale

20  ("NOTS") (RJN), Ex. J).

21        Defendant Trinity Financial Services, LLC's ("Trinity") respectfully requests

22  its Motion to Dismiss ("Motion") be granted without leave to amend.

---

23  [2]  Plaintiff attached an internet document as Ex. G to her pleading from the Montana Secretary of
24  State to support in her pleading Lara Robison was a "false notary" Lara Robison on an
    Assignment of Deed of Trust (RJN, Ex. E); however, Plaintiff did not fill out the document on the
25  Montana Secretary of State's webpage improperly inserting as a "City" the "County of
    Yellowstone" to verify Lara Robison as a Montana notary (Complaint, Ex. G).  However, by
26  inserting the expiration date of Lara Robison's license found on the Assignment of Deed of Trust
    at issue, the Montana Secretary of State website verifies Lara Robison was a notary in Montana
27  (RJN, Ex. K).  Thus, the bare and unsupported accusations of false or fraudulent Assignments of
28  Deeds of Trust are either mistaken as shown above or conclusory as reflected in the pleading.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                - 2 -                MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

## II.    BACKGROUND

The recorded documents and public records connected with this case reflect a proper chain of title and the basis for a non-judicial foreclosure.

In this regard, a Grant Deed was recorded on August 1, 2000 wherein James A. Carr ("Carr") granted to Carlos Reyes Vargas ("Vargas") and Maria F. Haro ("Haro" or "Plaintiff") the real property at issue in this case. (RJN, Exhibit "A").

A first Deed of Trust ("DOT") was recorded January 24, 2005 wherein the borrowers are Vargas and Haro; the lender and beneficiary was Downey Savings and Loan Association, F.A. ("Downey"); the trustee was DSL Services Company; the referenced note secured by the DOT was in the sum of $265,000. (RJN, Exhibit "B"). The real property referenced in the DOT is 4555-455 Landis Street, San Diego, CA 92084 (the "Property").

Reflecting Plaintiff and her spouse were having difficulty making their loan payments referenced in their DOT, a loan modification of the DOT as reflected by a Home Affordable Modification Agreement (Step Two of Two-Step Documentation Process) was recorded on March 14, 2011. The borrowers are identified as Vargas and Haro, the lender is identified as U.S. Bank, NA ("U.S. Bank"), and the first lien mortgage and accompanying DOT are referenced. (RJN, Exhibit "C").

*The second or junior deed of trust  at issue* is a Short Form Deed of Trust (With Future Advance Clause) ("Second DOT") recorded July 11, 2006 wherein the borrowers are Vargas and Haro; the lender and beneficiary is identified as Wells Fargo Bank, N.A. ("Wells Fargo"); and American Securities Company is identified as the trustee. The Second DOT secures debt not to exceed $125,000. The real property referenced in the Second DOT is the Property. (RJN, Exhibit "D").

A Corporate Assignment of Deed of Trust ("First Assignment") (Doc. #2014-0465141) was recorded on October 27, 2014 wherein the Second DOT was assigned from Wells Fargo to American Servicing and Recovery Group ("ASARG"). (RJN, Exhibit "E").

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4823-0758-7108 v1                        - 3 -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1   A Corporate Assignment of Deed of Trust ("Second Assignment") (2014-

2   0465148) recorded on October 27, 2014 wherein the Second DOT was assigned

3   from ASARG to Wilmington Trust Company, not in its individual capacity but

4   solely as trustee under Greenwich Investors XXXIV Pass-Through Trust

5   Agreement Dated as of October 25, 2010 ("Wilmington").  (RJN, Exhibit "F").

6   A Corporate Assignment of Deed of Trust ("Third Assignment") (Doc.

7   #2014-0465155) recorded on October 27, 2014 wherein the Second DOT was

8   assigned, etc. from Wilmington to Trinity Financial Services, LLC ("Trinity").

9   (RJN, Exhibit "G").[3]

10   A Substitution of Trustee was recorded on December 29, 2014 naming

11   Special Default Services, Inc. ("SDSI") as the new Trustee recorded December 29,

12   2014.  (RJN, Exhibit "H").

13   A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was

14   recorded on December 29, 2014.  (RJN, Exhibit "I").  The NOD reflects Plaintiff

15   has been in default since January 1, 2009.  Attached to the first NOD is a

16   Declaration of Compliance with Civ. Code 2923.5 reflecting the beneficiary did not

17   contact the borrowers to confer about options to foreclosure because the subject

18   loan is not a first lien mortgage or a deed of trust securing a loan described in Civ.

19   Code §2924.15(a).

20   A Notice of Trustee's Sale ("NOTS") was recorded on April 8, 2015. (RJN,

21   Exhibit "J").  The total of the unpaid balance of obligations and costs, expenses,

22   and advances is estimated at $187, 683.34 (est.).

23   At the time Lara M Robinson notarized the First Assignment, *she was a*

24   *notary in Montana*.  This is supported by a Verification of Montana Notary Lara M

25

26   [3] The Assignments of Deed of Trust (RJN, Exs. E though G) reflect chronologically and logically

27   by recording numbers *notice* that the Second DOT was assigned from Wells Fargo to ASARG
     and from ASARG to Trinity.  Plaintiff has no standing to attack the Assignments of Deed of Trust

28   in her pleading absent pleading factually prejudice, and she has not done that as already discussed
     above and will be discussed below.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                     - 4 -                  MEMORANDUM OF POINTS AND
                                                                 AUTHORITIES IN SUPPORT OF MOTION
                                                                 TO DISMISS

1  Robinson from the Montana Secretary of State-

2  http://notarysearch.mt.gov/Verify/Index.  (RJN, Exhibit "K").

3  **III.   STANDARDS APPLICABLE TO MOTIONS TO DISMISS**

4      **A.   Pleading Requirements In General**

5      A motion to dismiss is proper under Fed.R.Civ.P.Rule 12(b)(6) where the

6  pleadings fail to state a claim upon which relief can be granted.  Rule 12(b)(6)

7  allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to

8  legal relief even if everything in the alleged complaint is true." Mayer v. Mylod,

9  988 F.2d 635, 638 (6th Cir. 1993).

10      In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light

11  most favorable to the non-moving party, and all material allegations in the

12  complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir.

13  1986).  The court, however, is not required to accept legal conclusions cast in the

14  form of factual allegations if those conclusions cannot reasonably be drawn from

15  the facts alleged. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-755 (9th

16  Cir. 1994).

17      Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state

18  a claim is proper only if the pleadings fail to allege enough facts so as to

19  demonstrate a 'plausible entitlement to relief.' Bell Atlantic v. Twombly, 550 U.S.

20  544, 553-558 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to

21  dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide

22  the "grounds" of his "entitle[ment] to relief" requires more than labels and

23  conclusions; a formulaic recitation of the elements of a cause of action will not do.

24  Factual allegations must be enough to raise a right to relief above the speculative

25  level on the assumption that all the allegations in the complaint are true (even if

26  doubtful in fact). Id.  Only a complaint that states a plausible claim for relief

27  survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1950

28  (2008) citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In the instant

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4823-0758-7108 v1                - 5 -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1   action Plaintiff has not pleaded sufficiently any plausible claims or theories against

2   Trinity.

3   **B.   Pleading Requirements for Fraud**

4   The instant action charges Trinity in general conclusory fashion with

5   procuring and offering false or forged instruments.  This is a species of fraud.

6   Federal Rule of Civil Procedure 8(a) generally provides that a pleading that

7   sets forth a claim must contain "a short and plain statement of the claim showing

8   the pleader is entitled to relief."  However, Federal Rule of Civil Procedure 9(b)

9   requires all allegations of fraud to be stated "with particularity."

10   To satisfy the additional burdens imposed by Rule 9(b), the plaintiff must

11   allege "the time, place and nature of the alleged fraudulent activities."  Fecht v.

12   Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).  In addition, Rule 9(b) "does not

13   allow a complaint to merely lump multiple defendants together but require[s]

14   plaintiffs to differentiate their allegations when suing more than one defendant ...

15   and inform each defendant separately of the allegations surrounding her alleged

16   participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-765 (9th Cir.

17   2007) (quotation omitted).  "In the context of a fraud suit involving multiple

18   defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[

19   ] in the alleged fraudulent scheme.'" Id., at 765.  See also, Schreiber Dist. Co. v.

20   Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (the pleader must

21   allege the "time, place, and specific content of the false representations as well as

22   the identities of the parties to the misrepresentation").  "In a fraud action against a

23   corporation, a plaintiff must 'allege the names of the persons who made the

24   allegedly fraudulent representations, their authority to speak, to whom they spoke,

25   what they said or wrote, and when it was said or written.'…" Kham v. Executive

26   Trustee Services, LLC, 2012 WL 967864 *12 (E.D. Cal.)

27   / / /

28   / / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1          - 6 -          MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1    Plaintiffs have made no attempt to comply with these Rule 9 requirements in

2    her pleading.  Conclusory and general allegations of fraud related or supported

3    charges without distinguishing the actions of each defendant are insufficient.

4    **C.    Construction of Exhibits Referred to in the FAC or Attached to a
         Rule 12(b)(6) Motion**

5    "The court need not accept as true... allegations that contradict facts that may

6    be judicially noticed by the court, and may consider documents that are in the

7    complaint whose authenticity no party questions."  Shwarz v. United States, 234

8    F.3d 428, 435 (9th Cir. 2000) (citations omitted).

9    "[E]xhibits attached to the complaint, as well as matters of public record may

10   be considered in determining whether dismissal was proper without converting the

11   motion to one for summary judgment.  Parks School of Business, Inc. v.

12   Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).[4]  Copies of officially recorded

13   documents are attached as Exhibits to the accompanying RJN.

14   **IV.   PLAINTIFFS HAVE FAILED TO MAKE A VALID OFFER OF
         TENDER; THEREFORE, THEY CANNOT CHALLENGE ANY
         WRONGFUL FORECLOSURE CLAIM *OR ANY CLAIM IMPLICITLY
         INTEGRATED TO THE SALE***

15   

16   

17   Plaintiff has not made a valid and viable tender of payment of the

18   indebtedness or pleaded factually even an offer of same, *which is essential* to

19   prevent a foreclosure in this instance.

20   "California district courts apply the tender rule in examining wrongful
       foreclosure claims.  Anaya v. Advisors Lending Group, 2009 WL

21   2424037 at 10 (E.D. Cal. Aug. 3, 2009) ("Plaintiff offers nothing to
       indicate that she is able to tender her debt to warrant disruption of non-

22   judicial foreclosure"); Alicea v. GE Money Bank, 2009 WL 213696, at
       3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home

23   mortgage loan, and a foreclosure is either pending or has taken place,
       the debtor must allege a credible tender of the amount of the secured

24   debt to maintain any cause of action for foreclosure."); Montoya v.
       Countrywide Home Loans, 2009 WL 1813973 at *11-12 (N.D. Cal.

25   June 25, 2009) ("Under California law, the 'tender rule' requires that
       as a precondition to challenging a foreclosure sale, or any cause of

26   action implicitly integrated to the sale, the borrower must make a valid

27   _____

28   [4]  The court may also take judicial notice of documents that are "a matter of general public
     record."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                         - 7 -                    MEMORANDUM OF POINTS AND
                                                                       AUTHORITIES IN SUPPORT OF MOTION
                                                                       TO DISMISS

and viable tender of payment of the debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countywide Home Loans, 1999 WL 740375 at *2 (N.D. Cal. Sept. 15, 1999)..." Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F.Supp.2d 1022, 1034 (N.D. Cal. 2010).

As Plaintiff cannot or will not cure, offer, or tender the loan amount due, they cannot challenge the foreclosure process, and by extension, cannot make the claims asserted.

## V.   PLAINTIFF'S FIRST AND THIRD CLAIMS FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") FAIL AGAINST TRINITY

By Plaintiff pleading conduct related to a non-judicial foreclosure, it is obvious that Trinity was not engaged in debt collection under the FDCPA. A string of federal cases hold that a lender's acts connected with a non-judicial foreclosure do not fall within the scope of the FDCPA and do not violate same.

"Courts that have addressed this issue have concluded that foreclosure does not constitute "debt collection" under the FDCPA. See, e.g., Diessner v. Mortgage Elec. Regis. Sys., 618 F.Supp.2d 1184, 1189 (D. Ariz .2009), aff'd 384 Fed.Appx. 609 (9th Cir. 2010); *1101 Landayan v. Washington Mutual Bank, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009)(citing Maguire v. Citicorp Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir.1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985))." Makreas v. First Nat. Bank of Northern California, 856 F.Supp.2d 1097, 1101 (N.D. Cal. 2012).

"Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002). See also Jelsing v. MIT Lending, 2010 WL 2731470, at *5 (S.D. Cal. July 9, 2010) (holding that sending a Notice of Trustee's Sale is not actionable under the FDCPA where a plaintiff does not allege that the sender was a "debt collector" and also because "foreclosing on [a] property pursuant to a deed of trust is not the collection of a "debt" within the meaning of the FDCPA.") (citing cases); Hepler v. Washington Mut. Bank, F.A., 2009 WL 1045470, at *4–5 (C.D. Cal. April 17, 2009) ("[T]he law is well-settled ... that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."). In general, a mortgage servicing company foreclosing on a property is not acting as a debt collector within the meaning of the FDCPA. Izenberg v. ETS Servs., 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); Walker v. Equity 1 Lenders Group, 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009)." Murphy v. JP Morgan Chase, 2015 WL 2235882 *3 (E.D. Cal.).

1    By commencing a non-judicial foreclosure, Trinity was not engaged in debt

2    collection by performing acts related to a non-judicial foreclosure.  Also and as

3    discussed below, the first and third counts are inadequately pleaded to state claims

4    against Trinity.

5    Plaintiff apparently contends a violation of 15 U.S.C. § 1692g.  That

6    provision states in pertinent part:

7    **(a)** Notice of debt; contents

8    Within five days after the initial communication with a consumer in
     connection with the collection of any debt, a debt collector shall,
9    unless the following information is contained in the initial
     communication or the consumer has paid the debt, send the consumer
10   a written notice containing--**(1)** the amount of the debt;

11   **(2)** the name of the creditor to whom the debt is owed;

12   **(3)** a statement that unless the consumer, within thirty days after
     receipt of the notice, disputes the validity of the debt, or any portion
13   thereof, the debt will be assumed to be valid by the debt collector;

14   **(4)** a statement that if the consumer notifies the debt collector in
     writing within the thirty-day period that the debt, or any portion
15   thereof, is disputed, the debt collector will obtain verification of the
     debt or a copy of a judgment against the consumer and a copy of such
16   verification or judgment will be mailed to the consumer by the debt
     collector; and
17
     **(5)** a statement that, upon the consumer's written request within the
18   thirty-day period, the debt collector will provide the consumer with the
     name and address of the original creditor, if different from the current
19   creditor…"

20   While confusing and opaque, the first count infers that "A" attached to the

21   Complaint does not contain notices (unknown what that specifically means without

22   context from Plaintiff) required by 15 U.S.C. § 1692g. Plaintiff's pleading also does

23   not distinguish between any defendants to plead facts to show which specific

24   defendant is a debt collector as required to be pleaded. See, Masson v. Selene

25   Finance LLP, 2013 WL 271256 *3 (N.D. Cal.).  ["To state a claim under the

26   FDCPA, a plaintiff must allege, among other things, "that the defendant is a debt

27   / / /

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4823-0758-7108 v1                          - 9 -                          MEMORANDUM OF POINTS AND
                                                                               AUTHORITIES IN SUPPORT OF MOTION
                                                                               TO DISMISS

1   collector within the meaning of 15 U.S.C. § 1692a(6).”] Everyone is lumped

2   together, and the term “debt collector” is pleaded in a conclusory manner.

3        The referenced Exhibit “A” (or “A”) is not a debt notice or an initial

4   communication under 15 U.S.C. § 1692g.  “A” is correspondence dated January 5,

5   2015.  It was sent out by the foreclosure trustee, Special Default Services, Inc.

6   (“SDSI”), which is neither a debt collector nor engaged in debt collection, <u>after</u>

7   SDSI recorded the NOD on December 29, 2014.  See, <u>Tyson v. TD Services</u>

8   <u>Company</u>, 2013 WL 5443028 *3 (N.D. Cal.) [Foreclosure trustee who regularly or

9   principally is engaged in the enforcement of secured interests is not a “debt

10  collector” under the FDCPA]  “A” merely informs the parties how to obtain a

11  payoff or reinstatement amount related to the NOD by inquiring what is the parties’

12  relationship to the foreclosure (commenced <u>earlier</u> by the NOD).  Plaintiff does not

13  plead ever not getting an initial communication or debt notice if required, or the

14  contrary, that she did get notice from a specific debt collector, <u>and the factual</u>

15  <u>circumstances concerning same</u>.  The ambiguity and lack of sufficient facts makes

16  Plaintiff’s allegations defective.

17       As for the third count, Plaintiff contends more than once attempting to

18  validate the debt under 15 U.S.C. § 1692, but “defendants” did not respond to her

19  demands sufficiently under the FDCPA.  Again, Plaintiff does not plead which

20  specific defendant did not respond to her request and plead factually the defendant

21  was a debt collector with an obligation to respond, as defined under the FDCPA for

22  the FDCPA to apply.  The third count also contradicts or is consistent with the first

23  count in that Plaintiff must have received sufficient “debt notice” under 15 U.S.C.

24  § 1692g(a) in order to demand debt validation under 15 U.S.C. § 1692g(b).

25  Further, Plaintiff’s pleading of the third count fails because it pleads in conclusory

26  fashion that “defendants” did not respond in conformity with the act.  No facts (not

27  even a summary) are pleaded on how the response was in non-conformity.

28  Consequently, the first and third claims should be dismissed.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4823-0758-7108 v1                      - 10 -                   MEMORANDUM OF POINTS AND
                                                                    AUTHORITIES IN SUPPORT OF MOTION
                                                                    TO DISMISS

1   **VI.   PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF THE HOME**
2   **OWNERSHIP AND EQUITY PROTECTION ACT OF 1994**
    **("HOEPA") FAILS AGAINST TRINITY**

3        As always, Plaintiff pleads vaguely against all defendants without

4   distinguishing the conduct of each defendant.  Also and again throughout Plaintiff's

5   pleading, the allegations are conclusory, and the HOEPA claim accordingly fails.

6        "Plaintiff merely states that the Loan falls within the purview of
7        HOEPA. (FAC ¶ 133.) Such conclusory allegations are not sufficient.
         *See Marks v. Chicoine*, No. C06–06806SI, 2007 WL 160992, at *8
8        (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA claim that failed to
         include facts sufficient to establish the subject loan was a high-risk
9        loan)." <u>Monreal v. Deutsche Bank Nat. Trust Co.</u>, 2013 WL 5727565
         *6 (S.D. Cal.).

10       Pleading the loan was placed in violation of HOEPA without regard to

11  income and cash flow to induce default is not enough to state a HOEPA claim.

12       More reasons for failure of this claim, and specifically this claim fails

13  because Trinity is not a "creditor," as defined under HOEPA.

14       "HOEPA defines "creditor" as "the person to whom the debt arising
15       from the consumer credit transaction is initially payable on the face of
         the evidence of indebtedness or, if there is no such evidence of
16       indebtedness, by agreement."  15 U.S.C. § 1602(g); *see also, Bonner v.*
         *Redwood Mortg. Corp.*, 2010 WL 1267069 at *5 (N.D. Cal. Mar.29,
17       2010) (dismissing HOEPA claim because defendants were not the loan
         originator, the entity to whom the loan obligation was initially
18       payable)." Aghajanyan v. Greenpoint Mortg. Funding, 2014 WL
         4748277 *6 (C.D. Cal.).

19       As reflected by the Third Assignment, HOEPA is inapplicable to Trinity.

20  The loan was not initially payable to Trinity and Trinity was not the originator of

21  the loan. (RJN, Exs. D and G).

22       Finally, the statute of limitations bars this claim.

23       "HOEPA is an amendment of TILA, and therefore is governed by the
24       same remedial scheme and statutes of limitations as *TILA."Hamilton v.*
         *Bank of Blue Valley*, 746 F.Supp.2d 1160, 1179 (E.D. Cal. 2010)
25       (citation and internal quotation marks omitted).  Therefore, claims for
         rescission under TILA are subject to a three-year statute of limitations,
26       and claims for damages under TILA are subject to a one-year statute of
         limitations.  *See also Kemezis v. Matthew*, No.: 075086, 2008 WL
27       2468377, at *3 (E.D. Pa. June 16, 2008) ("HOEPA is an amendment of
         TILA, and therefore is governed by the same remedial scheme and
28       statutes of limitations as TILA.")…

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4823-0758-7108 v1            - 11 -            MEMORANDUM OF POINTS AND
                                                   AUTHORITIES IN SUPPORT OF MOTION
                                                   TO DISMISS

Moreover, although Plaintiff once again alleges that she did not become aware of the facts that form the basis of her claim until after Defendants initiated foreclose proceedings against the Property, such conclusory allegations do not suffice." Monreal v. Deutsche Bank Nat. Trust Co., 2013 WL 5727565 *7.

As reflected in the Second DOT, the loan was originated in 2006, and this action was filed approximately nine years later and beyond the statute of limitations. No facts are pleaded to support tolling. Thus, the claim fails.

## VII.  PLAINTIFF'S FIFTH CLAIM FOR DECLARATORY RELIEF AND EIGHTH CLAIM FOR DECLARATORY RELIEF FAIL AGAINST TRINITY

These counts fail all on a number of grounds. "A declaratory relief claim requires a present and actual controversy between the parties. *See Ngoc Nguyen*, 749 F.Supp.2d at 1035; *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal.App.3d 1617, 1623, 283 Cal.Rptr. 104 (1991). Gomez v. Wells Fargo Home Mortg., 2011 WL 5834949 *12 (N.D. Cal.).[5]

There is no present and actual controversy between Plaintiff and Trinity. Plaintiff's fifth declaratory relief claim appears to be predicated on the charge of the purported inability of Trinity to foreclose because of a lack of a secured enforceable interest or perfected lien.[6] With respect to this charge, Plaintiff appears to be attacking the assignments of deed of trust. She also makes the charge that notary Robison on the First Assignment was in fact not a notary. She also improperly asserts the conclusion (without fact) that Savaria had no authority to execute the First Assignment. Further, Plaintiff concludes making the conclusory contention

---

[5] An injunction to enjoin foreclosure proceedings is a remedy and not a claim or cause of action. *See*, Rose v. J.P. Morgan Chase, N.A., 2012 WL 892282 *2 (E.D. Cal.).

[6] Plaintiff's eighth claim for declaratory relief is either duplicative of the fifth claim for declaratory relief or preceding claims. The eighth claim is also speculative asserting that the Property has gone to sale allegedly creating a dispute as to who has title or is owner of the Property. Regardless, the arguments as to the fifth claim for declaratory relief also address the eighth claim for declaratory relief. Trinity's arguments made with respect to the other claims also address the eighth claim. Finally, the charge of a violation of the CHOBR in the eighth claim should be disregarded since CHOBR does not apply herein as already discussed above.

1   that "defendants" (again without specification as to the conduct of each) registered

2   and/or recorded false instruments including, Assignment, Deed of Trust, and

3   promissory note (again, just conclusions asserted and unsupported by even bare

4   facts).

5       The Assignments of Deed of Trust are in order and provide adequate notice

6   of the transfers of the Second DOT.  The First Assignment recorded <u>first</u> reflects

7   the assignment of the Second DOT from Wells Fargo to ASARG (RJN, Ex. E).

8   The Second Assignment recorded <u>second</u> reflects the assignment of the Second

9   DOT from ASARG to Wilmington (Id., Ex. F).  The Third Assignment recorded

10  <u>third</u> reflects the assignment of the DOT from Wilmington to Trinity (Id. Ex. G).

11  Further, a search of the Montana Secretary of State's website reflects Robison was

12  a notary during the time period in question (<u>Id.</u>, Ex. K), and that Plaintiff's search

13  on that website was not done properly (Complaint, Ex. G). Again, the charge as to

14  Savaria is conclusory as well as in general the charge that documents or records

15  were procured, offered, and recorded falsely.

16      Finally, Plaintiff also does not have standing to attack the Assignments

17  absent pleading <u>factually</u> prejudice.

18  **A.   <u>Alleging Defective or False Assignments Does Not Bar The Non-Judicial Foreclosure Process Absent Prejudice</u>**

19

20      Plaintiff lacks standing to attack any assignment of the deed of trust herein.

21  This is the case since Plaintiffs have not pleaded factually prejudice from a

22  defective assignment or pleaded causation of damages from a defective assignment.

23  In regard to this issue of standing,  the Court of Appeal in <u>Siliga v. Mortgage</u>

24  <u>Electronic Registration Systems, Inc.</u>, 219 Cal.App.4th 75, 85 (2013) held

25  adversely to the Siligas:

26      "… [T]the Siligas fail to allege any facts showing that they suffered
        prejudice as a result of any lack of authority of the parties participating
27      in the foreclosure process.  The Siligas do not dispute that they are in
        default under the note.  The assignment of the deed of trust and the
28      note did not change the Siligas' obligations under the note, and there is

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                    - 13 -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances.  Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."

Standing was also addressed *adversely* to the plaintiffs by the Court of Appeal in Herrera v. Federal Nat. Mortg. Assn., 205 Cal.App.4th 1495, 1507 (2012).

"Even assuming plaintiffs can allege specific facts showing that MERS assignment of the DOT to OneWest and OneWest's assignment to Fannie Mae were void, under *Fontenot* plaintiffs must also show plaintiffs were prejudiced..."

Finally, the issue of standing was also addressed *adversely* to the plaintiff by the Court of Appeal in Fontenot v. Wells Fargo Bank, N.A. 198 Cal.App.4th 256, 272 (2011)

"Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note.  Plaintiff effectively concedes she was in default, and she does not allege that the transfer ... interfered in any manner with her payment of the note... nor that the original lender would have refrained from foreclosure under the circumstances presented."

Plaintiff has been in default.  Alleged defective assignments have neither caused her to neither make payments, cure her default, nor tender.  She asserts she will allegedly suffer prejudice, but she does not plead factually she has suffered any prejudice (Complaint, ¶76).  Thus, her claim of prejudice rests on speculation that it might or might not happen.

With respect to prejudice for instance, Plaintiff has not pleaded any facts to suggest that two or more lenders have ever requested the same or simultaneously loan payments from her or more than one purported lender is conducting a foreclosure on the deed of trust at issue.  The issue of prejudice in similar was addressed by a U.S. District Court in the Easter District of California as follows:

/ / /

1    "… [P]laintiffs do not allege that a third party creditor has asserted a
2  duplicative interest in their loan, or has notified plaintiffs of a default
  based on their failure to make payments to that "actual" creditor. It is
3  entirely implausible that such an unknown entity would never have
  attempted to collect payments and foreclose on a loan that was
4  supposedly sold to the unknown entity sometime… A court cannot
  "accept as true allegations that are merely conclusory, unwarranted
5  deductions of fact, or unreasonable inferences." <u>Fazio v. Washington
Mutual, F.A.</u>, 2014 WL 2593752 *5 (E.D. Cal.).

6      Plaintiff has pleaded factually nothing to reflect prejudice by any allegedly

7  defective assignment to pay on their loan, cure the default, or tender. If Plaintiff

8  has sustained damages, it is because she defaulted on her loan and has neither cure

9  nor tendered. Consequently, Plaintiff has no standing to attack the foreclosure on

10  the grounds she asserts—Trinity's purported lack of standing.

11  **VIII.  <u>PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL</u>**
**<u>INTERFERENCE WITH CONTRACTUAL RELATIONS ("IICR")</u>**
12  **<u>FAILS AGAINST TRINITY</u>**

13      Plaintiff's sixth claim for IICR essentially alleges what is stated in the fifth

14  claim for declaratory relief. The charge is the Second DOT (with its attendant

15  power of sale) was not properly assigned ultimately to Trinity, so the trust deed

16  beneficiary/lender remains Wells Fargo. Trinity allegedly has no standing to

17  foreclose.

18      The elements of a claim for intentional interference with contractual relation

19  are as follows:

20    "To state a claim of intentional interference with contractual relations
  ("IICR"), a plaintiff must establish: (1) it has a valid and existing
21  contract with a third party; (2) defendants had knowledge of the
  contract; (3) committed an intentional act designed to induce a breach
22  or disrupt the contractual relationship; (4) actual breach or disruption
  of the contract relationship occurred; and (5) damages were suffered as
23  a result." *Sebastian Int'l, Inc. v. Russolillo*, 162 F.Supp.2d 1198, 1203
  (C.D. Cal. 2001)." <u>Rieger v. Wells Fargo Bank, National Association</u>,
24  2013 WL 3835815 *4 (N.D. Cal.).

25      As already discussed, there is no existing Second DOT with the attendant

26  power of sale between Wells Fargo and Plaintiff. The Second DOT was assigned

27  eventually to Trinity. But, even if there was a defect in assignment, Plaintiff has

28  not pleaded any damages or prejudice, as discussed above. Competing trust deed

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1

- 15 -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1   beneficiaries have not demanded loan payments from Plaintiff or are

2   simultaneously foreclosing.  Further, Plaintiff is in default on her loan, and she has

3   not pleaded tender, cure, or reinstatement, or that she has even an ability to do that.

4   Thus, even if the loan was still with Wells Fargo, Wells Fargo would have the right

5   to do and would do what Trinity is doing, which is to foreclose.  Plaintiff pleads no

6   facts to the contrary showing damages or prejudice.

7   Finally, the IICR claim is barred by privilege.  More specifically, Trinity

8   enjoys the privilege associated with its agent SDSI's recording of the NOD and

9   NOTS.  See, Rieger v. Wells Fargo Bank, National Association, 2013 WL 3835815

10  *6 ["Wells Fargo is entitled to qualified immunity as a beneficiary under the deed

11  of trust when publishing and delivering notices, as well as other attendant

12  procedures in the nonjudicial foreclosure process ."]

13  Civil Code § 2924(d), which is at the beginning of the statutes governing

14  foreclosures, specifically provides that the mailing, publication, and delivery of

15  notices as required therein, and the performance of the procedures set forth in the

16  Article, shall constitute privileged communications within Civil Code § 47.  This

17  essentially encompasses the entire foreclosure process, including the sale.[7]

18  Although the latter statute originally was understood as applicable to the tort of

19  defamation, the courts have extended the privilege it provides to other tort claims.

20  Hagberg v. California Federal Bank FSB, 32 Cal.4th 350, 361 (2004).  Where a

21  privileged publication forms the basis for the tort, Section 47 may defeat claims for

22  intentional infliction of emotional distress, negligent misrepresentation, and

23

24  [7]  The "Article" encompasses the entire sale process.  It covers Sections 2920 through 2944.5.

25  Even with the enactment of the California Homeowner's Bill of Rights (Civ. Code § 2923.4 et seq.), the privilege as articulated by Civil Code § 2924(d) continues to apply to a foreclosure

26  trustee's conduct.  "In the absence of allegations of...malice, section immunity 2924(d) bars purported claims based on cited California statutes or related wrongs."  See, Valenzuela v. Wells

27  Fargo Bank National Association, 2014 WL 309438 (E.D. Cal.).  In Valenzuela, supra., the U.S. District Court was referencing among other statutes, CHBR statutes, Cal. Civ. Code §§ 2923.55

28  and 2923.6.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4823-0758-7108 v1                    - 16 -

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

negligence.  The <u>only</u> exception is for malicious prosecution actions.  <u>Silberg v. Anderson</u>, 50 Cal.3d 205, 213-15 (1990).

A number of Courts have held that the litigation privilege to be applied to foreclosure is the absolute standard.  <u>Cisneros v. Instant Capital Funding Group</u>, 263 F.R.D. 595, 609-610 (E.D. Cal. 2009); <u>Garretson v. Post</u>, 156 Cal.App.4th 1508, 1517-1518 (2007) (4th Appellate District); <u>Jacobson v. Balboa Arms Drive Trust #5402</u>, 2011 WL 2784126 (S.D. Cal.) at *9; <u>Rodriguez v. JP Morgan Chase & Co.</u>, 809 F.Supp.2d 1291, 1299 (S.D. Cal. 2011).  However, other courts held that trustee's actions are considered to be to be privileged communications under the less protective standard of a qualified common interest privilege.  <u>Kachlon v. Markowitz</u>, 168 Cal.App.4th 316, 333 (2008).  This standard still requires that Plaintiff factually plead that the Trinity acted with malice in order to overcome the immunity protections <u>of Civil Code</u> § 47.  <u>Id</u>.  *Plaintiff has not alleged factually and specifically any malice by Trinity in connection with the recording of foreclosure documents and related conduct.*  Therefore, Trinity's actions are privileged.  This claim should be dismissed.

## IX.   **PLAINTIFF'S SEVENTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS AGAINST TRINITY**

In this count, Plaintiff seeks to cancel <u>all</u> recorded documents associated with this foreclosure process.  This includes the recorded Second DOT through the NOTS.  Firstly, Trinity incorporates herein all its preceding arguments.  Secondly, to cancels all instruments, Plaintiff must tender the amount owed on the loan or plead factually an ability to tender the amount of the loan.

"An allegation of tender is "essential to an action to cancel a voidable sale under a deed of trust." *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1033–1035 (N.D. Cal. 2010); *see also Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (Cal.App. 1 st Dist. 1996) (finding that borrowers are "required to allege tender of the amount [owed] ... to maintain any cause of action for irregularity in the sale procedure"). In addition, "courts in California continually treat tender or at least the allegation of ability to do so as a necessary part of a valid claim for rescission of

/ / /

a contract." <u>Bond v. Cal. Western Reconveyance Corp.</u>, 2012 WL 2150313 *5 (N.D. Cal.).

"To obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to obtaining his relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction ... The rule applies [even where] the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan,* 189 Cal.App.2d 791, 796–97, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). Without a meaningful tender of the amount due, cancellation of the instruments is an empty remedy which the Court cannot convey." Adesokan v. U.S. Bank, N.A., 2012 WL 395969 *4 (E.D. Cal.)

In the instant action, Plaintiff does not dispute the existence of the loan. Plaintiff does not plead she is not in default. Thus, to cancel the recorded instruments referenced, Plaintiff must tender, or she must plead factually a present ability to tender. Plaintiff has not done that, and therefore, this claim fails.

## X.    <u>CONCLUSION</u>

A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts. <u>Albrecht v. Lund</u>, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile). Accordingly, the Complaint as to Trinity should be dismissed *without leave to amend.*

Dated:    June 4, 2015            BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Richard J. Reynolds*
Richard J. Reynolds
Fabio R. Cabezas
Joseph P. Buchman
Attorneys for Defendant
TRINITY FINANCIAL SERVICES, LLC